■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT McKENNION Also Known as ROBERT McKINNON, Appellant.— The judgment appealed from is affirmed. The single question before us on this appeal is whether the trial court abused its discretion in refusing to permit withdrawal of the plea to criminal possession of a dangerous drug in the fourth degree, a class A misdemeanor, to cover the single count in the indictment which charged criminal possession in the first degree. Defendant was arrested November 2, 1968, and thereafter entered a plea of "not guilty" to the indictment. On February 6, 1969, while represented by counsel defendant withdrew his plea of not guilty and entered a plea as above. At the time the guilty plea was entered defendant admitted a knowing and unlawful possession of marijuana. At sentence, March 6, 1969, defendant, through counsel, moved to withdraw his plea on the ground "defendant misunderstood and misapprehended — apparently in his mind — the proceedings which took place at the time the plea of guilty was entered." Defendant did not dispute that a quantity of marijuana was found in his apartment, but asserted it was left there by other persons who used his apartment. Defendant's attorney stated further there was a question of defendant's immigration status so that conviction of any crime would require deportation. The court, noting that a large amount of marijuana had been found in the apartment, concluded, in denying the application, that the possibility of deportation rather than innocence prompted the application. The court also made passing reference to a probation report which had been supplied. The bare assertion of a limited education does not establish the fact. Certainly defendant's use of the English language when speaking in his own behalf at the time of sentence warrants no such implication. The record before us neither warrants nor compels the conclusion that the court failed to exercise an informed discretion, or that its denial of the application was an improvident exercise of discretion. Accordingly, the judgment of conviction is affirmed. Concur — Stevens, P. J., Eager, Tilzer and Steuer, JJ.; Nunez, J., dissents in the following memorandum: I dissent and vote to reverse the order and grant defendant's motion to withdraw his plea of guilty to the extent of conducting a hearing to determine the merit or lack of merit of his claimed misunderstanding. Appellant, a 22-year-old immigrant of limited education, pled guilty to the crime of criminal possession of a dangerous drug in the fourth degree. Within one week thereafter he applied to withdraw his plea. His application was renewed by his counsel and by him on the day of sentence. He claimed that he had misunderstood the significance of the plea; that he was in fact innocent of any crime; that he entered the guilty plea because the drug (marijuana) was found in his apartment by the police and that he thought that he was merely acknowledging the fact that the drug had been found in his apartment; that he had no knowledge it was there, having been left in his apartment by other persons without his knowledge. In defendant's timely words to the court "it [the marijuana] wasn't mine; I was just pleading guilty because they found it in my place. That's what the police are saying." Defendant's claim of innocence was promptly made prior to the imposition of sentence. The court erred in my view in failing to hold a hearing

to determine whether the defendant understood the plea, the merits of his contention of misunderstanding and his innocence. No prejudice to the People's case has been shown nor is any claimed. The interests of justice and sound exercise of discretion require that a hearing be held on defendant's application. Our Court of Appeals has so held in analogous situations (see *People* v. *Nixon,* 21 N Y 2d 338). Under all the circumstances and especially in view of the defendant's unfamiliarity with court procedures, his limited education, his prompt claim of misunderstanding of the plea and his claim of innocence, justice requires, at the very minimum, he be given a hearing (see *People* v. *Serrano,* 15 N Y 2d 304, 310).